Chief Justice Simpson
delivered the opinion of the Court.
This was a motion against a sheriff in the County Court, for a failure to pay to Robert T. Wright, a county creditor, the snm of two hundred and seventy-four dollars.
At the October term, 1849, a county levy had been made by the Comity Court, sufficient to pay the debt due to Wright, as well as the other claims against the county, but no order was then made directing its payment by the sheriff, out of the county levy. At the April term next, following, however, the court made an order allowing the claim and directing it to-be paid out of the levy collected in the year IS50.
The sheriff having failed to pay the claim as ordered, he was notified by the attorney for the county, that a motion would be made by him, for and on behalf of the-County Court, at its February term, 1851, for a.judgment against him for its amount. The'motion was heard by the Court, and a judgment entered against the-sheriff, for the amount of the claim, and he has prosecuted a writ of error to reverse that judgment.
An objection is made to the proceeding upon the ground, that the motion was not made in the name of Wright, the county creditor. To enable a county creditor to maintain a motion in his own name against the sheriff, under the statute, he must not only have been a creditor, but his claim must have been specially provided for, and his name included in the list of county creditor when the levy was laid. Walker vs Parker, (4 B. Monroe, 97.) Wright could not therefore have maintained the motion against the sheriff:
A motion against a sheriff for failing to pay money according to Or-el ec should made }f the County Court be in the pame of the jns-ticesolthe Connty Court.
The presumption should be indulg ed thal a majoiity of Ihejustices of the' Oounly Court were present in cases where t he law required it.
When a sheriff has failed to settle his amount with the County Court, a» ro-
It is also objected that the motion was improperly made in the name of the attorney for the County Court. In strictness the motion should have been entered and carried on in the name of the justices of the County Court, instead of being made in the name of the attorney for the county for and on behalf of the County Court. The notice of the motion was properly given by the attorney for the county, but the clerk in entering the motion entered it informally. The mistake however, is one merely of form, and not of substance. The proceeding was substantially in the name of the justices of the County Court, and this objection must be regarded as unavailing.
It is further objected, that the order of the Court made at its April term, 1850, is invalid, because it was not shown that a majority of all the justices of the county were present and in Court, when it was made. As however, the law requires that a majority of the justices chould be present, when such an order is made, and the Court assumed jurisdiction, the presumption should be indulged in a collateral proceeding of this kind, that the Court had acted legally, and had made the order, when it had competent authority to do it, especially as the County Court has exclusive jurisdiction over such claims. This presumption is not destroyed by proof, such as was made upon the trial, that the Court when it first met and organized at the commencement of the term, was constituted of three justices only. It may notwithstanding it was so organized, at its commencement, have been composed of the requisite number of members when the order in question was made, and the legal presumption that it was so constituted, is not repelled by the fact, that a majority of the justices were not present during the whole term of the Court.
The only remaining question to consider, is the right of the justices of the. County Conrt, to bring the motion, before they had settled with the sheriff, and ascertained by such settlement, the balance due from him.
quired by law, he cannot object oil that ground to p judgment upon motion for failing to pay county creditors.
Mayes and Anderson for plaintiff; Williams and Bradley for defendants.
The act of 1797, (2 ml. Digest, Stat. Law, 1115,) makes it the duty ot the sheriff to settle and adjust the amount of his collection for the county with the County Court, on or before the first day of October annually; and if he fails to do so, the County Court is authorized, upon ten days previous notice to him of the contemplated proceeding, to enter upJa judgment against him for whatever shall appear to be due from him.
The proceeding in this case was not commenced until Februaiy, 1851. Thesheriff had failed to settle with the County Court, on or before the first day of October, 1850, as the statute required. He had in his hands an amount sufficient to pay the claim allowed .to Wright. He had failed to pay it, or to settle and account with the County Court according to law. He was not prejudiced by the trial on the motion, as he could have then relied upon every matter, that he could have brought forward on a settlement made with any two members of the Comt. Having failed in his duty, and the time allowed by law for its performance having expired, he was liable to a motion in the County Court, to enforce the payment of the balance of the county levy remaining in his hands.
Wherefore the judgment is' affirmed.