CASE 12.—ACTION FOR MANDAMUS BY J. S. MILLER, COUNTY JUDGE, AGAINST THE MONROE COUNTY COURT.—February 17.

## Monroe Co. Court v. Miller, County Judge

Appeal from Monroe Circuit Court.

H. C. BAKER, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Appeal dismissed.

1. Judges—Fixing Compensation.—Since Ky. Stats., section 1072, makes it the duty of the fiscal court to fix the salary of the county judge, and section 978 provides that any person aggrieved may appeal, the circuit court can not acquire jurisdiction to revise by direct action the action of the fiscal court fixing such salary.

2. Mandamus—Parties.—In a mandamus to require the fiscal court to fix a reasonable amount as salary of the county judge, the members of such court are necessary parties.

3. Counties—Claims—Compensation of County Judge—Regulation.—As the county judge's salary is regulated by statute (Ky. Stats., section 1072), the rule allowing suits on other claims against a county does not apply to such salary.

4. Judges—Compensation—Jurisdiction to Fix.—The jurisdiction of the fiscal court, under Ky. Stats., section 1072, to fix the

Monroe County Court v. Miller, County Judge.

salary of the county judge, is exclusive, subject only to the right of appeal.

5. Judges—Compensation—Power of County Attorney.—The county attorney has no power to agree that an order of the fiscal court, fixing the salary of the county judge, be set aside.

6. Mandamus—Subjects of Relief—Order Fixing Compensation.— Though the order of the fiscal court fixing the salary of the county judge be void, it can not be annulled by mandamus.

7. Judges—Fixing Compensation—Appeal from Void Order.— Though a consent order of the circuit court fixing the salary of the county judge be void, no appeal lies therefrom, unless a motion to set it aside be first made and overruled.

SHERMAN SPEAR for appellant.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Dismissing appeal.

On October 19, 1905, the Monroe fiscal court entered the following order: "October Term. Oct. 19, 1905. Ordered that the county judge be allowed three hundred fifty ($350) and no cents per annum for the next term for his services, payable quarterly." At the November election, 1905, J. S. Miller was elected county judge of Monroe county. He qualified and entered upon the discharge of his duties on the first Monday in January, 1906. Thereafter, on the 24th day of February, 1906, he instituted this action against Monroe county; the process being served on the county attorney. He alleged in his petition that the order of the fiscal court, above referred to, was void for several reasons, therein set out; that the sum allowed by the order was not a reasonable allowance; and he prayed a mandamus against the members of the fiscal court, requiring them to make him a reasonable allowance. Without any answer being filed, the following agreed judgment was entered in the

action on the 13th day of August, 1906: ''This day this cause came on to be heard, and it appearing that all parties are before the court, and by agreement of the parties, the order fixing the salary of the judge of Monroe county at $350 per annum, payable quarterly, which order was made and entered by the fiscal court at its October term, 1905, be set aside and held for naught, and that his salary be fixed at $425 per year, payable quarterly. It is therefore, adjudged by the court that the plaintiff, J. S. Miller, county judge of Monroe county, Kentucky, recover of the defendant, Monroe county, Kentucky, $425 for the current year, payable quarterly, as his salary for his services as county judge of Monroe county, Kentucky, and the same amount, payable on the same terms, for each of the remaining three years of his present term of his office.'' On August 5, 1908, an appeal was granted Monroe county by the clerk of this court from this judgment, and Miller has entered a motion to dismiss the appeal.

It is insisted for him that, the judgment of the circuit court having been entered by consent, the county can not appeal from it, unless it is void, and that, if it is void, no appeal may be prosecuted from it, for the reason that no motion has been made in the circuit court to set it aside, as provided by section 763 of the Civil Code of Practice. Section 1072, Ky. Stats., is as follows: ''The county judge shall receive an annual salary, to be fixed at a reasonable amount, by the fiscal court, and paid in quarterly installments by the county.'' Under the statute it is the duty of the fiscal court to make an order fixing the salary of the county judge, and any person aggrieved may appeal from the order of the fiscal court under section 978, Ky. Stats. When such an appeal is taken to the circuit.

court, the circuit court will then have jurisdiction to revise the action of the fiscal court; but the circuit court can acquire no jurisdiction to revise any action of the fiscal court on a petition filed in the circuit court against the county by the county judge, and, in so far as the circuit court undertook to modify or revise the judgment of the fiscal court, he acted without jurisdiction and the judgment is void.

No mandamus could be obtained in such an action for the reason that the members of the fiscal court are necessary parties defendant in an action for a mandamus. Montgomery Co. v. Menefee County Court, 93 Ky. 33, 18 S. W. 1021, 13 Ky. Law Rep. 891. The county judge's salary is regulated by the statute. The rule allowing suits on other claims (Hudgins v. Carter Co., 15 Ky. 133, 24 Ky. Law Rep. 1980, 72 S. W. 730) does not apply. The jurisdiction to fix the county judge's salary in the fiscal court is exclusive, subject to the right of appeal. The summons in the action had been served on the county attorney. He was without power to agree that the order of the lscal court be set aside or held for naught. If the order of the fiscal court is in fact void, it may be disregarded as a nullity in any court where it comes in question; but it can not be annulled in a proceeding like this, where the validity of the judgment is the only thing in question, and where nothing else is sought but a judgment annulling the order.

We are, therefore, of opinion that the agreed order appealed from was void; that no appeal can be taken from it, unless a motion has been made in that court to set it aside; and that the court rendering the judgment may yet hear the motion to that effect. If the motion is made and overruled, an appeal may be taken to this court from the order overruling it.

The appeal before us is therefore dismissed.