## Kenton County, by Hanlon, County Attorney v. Jameson, et al., County Commissioners.

(Decided November 7, 1912.)

### Appeal from Kenton Circuit Court (Common Law & Equity Division).

1. Fiscal Courts—Courts of Record—Orders Not Subject to Collateral Attack—Proceeding in Fiscal Court Attacking Its Orders.— The petition of appellant through its county attorney, seeking to have vacated and set aside certain orders of the fiscal court, was properly filed in the fiscal court, as that court is a court of record, and its orders not subject to collateral attack.

2. Fiscal Courts—Proceeding to Set Aside Orders—Pleading.—The petition of the county attorney charging that fraud had been practiced in allowing claims in that the fiscal court suppressed the reading of minutes showing allowances to its own members is sufficient to apprise the parties interested of the ground of attack upon its judgments.

F. J. HANLON for appellant.

WM. A. BYRNE for appellees.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

The fiscal court of Kenton County, by orders entered during the years 1910 and 1911, allowed to the appellees some $3,400 for attendance at their meetings as county commissioners, and for attendance upon meetings of the fiscal court. On October 16, 1911, Kenton County, through its county attorney, filed in the fiscal court its petition seeking to have vacated and set aside these orders. The petition charged that fraud had been practiced in allowing the claims, in that they were not read out before their allowance, or as a part of the minutes of the court at any of its sessions. The fiscal court appears to have referred this petition to its law committee, composed of the same three gentlemen whose interests were at stake, who reported that the allowances were regularly made; and thereupon they as the fiscal court

entered an order denying the relief asked in the petition. The case was appealed in due course to the Kenton Circuit Court. There demurrer was sustained to the petition; which was dismissed. The county appeals here.

The fiscal court is a court of record. Its orders are not subject to collateral attack. The plaintiff, therefore, properly instituted this proceeding in that court, attacking its orders. Under section 518 of the Civil Code, the court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it, for fraud practiced by the successful party in obtaining it. Under section 520 the proceeding must be by verified petition, setting forth the judgment, the grounds of vacation, and the defense, if the moving party be the defendant. The county attorney followed this course. Under section 978, Kentucky Statutes, an appeal lies from judgments of the fiscal court, which appeal the county attorney is authorized to prosecute. Jefferson County v. Waters, 114 Ky., 48. The order allowing the claims was seasonably · appealable. Boyd County v. Arthur, 118 Ky., 932. The judgment dismissing the petition brought under section 518, Civil Code, is equally so. The only question before us, therefore, is whether the petition states a cause of action. If it does, Kenton County is entitled to a trial de novo in the Kenton Circuit Court upon the issues presented by it. County of Jefferson v. Young, 120 Ky., 456.

Under section 1842, Kentucky Statutes, the minutes of fiscal court meetings must be read publicly by the clerk, before adjournment, and corrected, if necessary. Under section 1843, no minute or order of such court is valid until it is so read. The petition here alleges that these orders of allowance were not read. One seeking to set aside a judgment on the ground that it was obtained by fraud must set out the acts constituting the fraud. Cary v. Mire, 143 Ky., 63. The plaintiff here in effect charges the act of fraud to be the fiscal court's suppression of the reading of its minutes showing the allowances to its own members. The pleading is not as full as it should be, but it is sufficient to apprise the parties interested of the ground of the attack upon the judgments. Upon the return of the case the county will have leave to amend its petition. It should be made more certain in the respect named, and in the particulars of the defense against the claims.

Judgment reversed and cause remanded.