## Barnett v. Gilbert, et al.

(Decided May 7, 1915.)

### Appeal from Calloway Circuit Court.

1. Counties—Fiscal Courts—Treasurer—Discretion of Court.—Under Article VI, Chapter 34, Kentucky Statutes, the fiscal court is authorized to appoint a treasurer for the county, at any time, when, in its discretion, it shall deem it necessary to have such officer to manage the fiscal affairs of the county.

2. Courts—Fiscal Courts—Members of.—The county judge is a member of the fiscal court, and must be taken into consideration in determining how many shall constitute a majority of the membership of the court.

3. Courts—Fiscal Courts—Parol Evidence Not Competent.—The fiscal court is a court of record, and must speak by its records, and parol evidence is not competent to change an order or to supply an order of said court, in the absence of any order upon its records.

4. Courts—Fiscal Courts—Constitution.—Article VI, Chapter 34, Kentucky Statutes, is not contrary to the provisions of the Constitution.

N. B. BARNETT for appellant.

COLEMAN .& WELLS for appellees.

Opinion of the Court by Judge Hurt—Affirming.

The appellant, N. B. Barnett, as county attorney for Calloway County, and in his own right as a citizen and taxpayer, and for the use and benefit of all the taxpayers of the county, against the appellee as the acting treasurer of Calloway County, and individually, alleged that the appellee was unlawfully and wrongfully holding and performing the duties of treasurer of the county; that on the 8th day of November, 1913, the Calloway Fiscal Court was composed of eight members, the county judge and seven justices of the peace, and while they were all present at a meeting of the fiscal court a motion was made that the court would proceed to the election of a county treasurer, and the vote being taken thereon, four of the justices voted in the affmative and three in the negative, the county judge failing to vote; that at the same time a resolution was offered fixing the treasurer's salary at five hundred ·dollars per annum, and upon this resolution four of the justices cast their votes in favor of its adoption and three against its adoption, and thereupon a motion was made to elect H. B. Gilbert, the appellee, treasurer of the county, and that Gilbert received four votes out of the eight members present, four of them in his favor and three against him, and one not voting who was present, and that thereupon the appellee executed bond as required by law, and took the oaths required by law, and that since said time had been attempting to discharge the duties appertaining to the office of county treasurer, and demanding of the sheriff and other county officers the custody of the county funds, and that he would continue to receive his salary of five hundred dollars per annum, unless prevented by the court; that at the regular April term, 1914, the court made .an order di-

recting the sheriff to retain and pay out the funds and taxes collected by him under the directions of the court, and not to pay any part of same to appellee; that his election to the office was illegal and void, because the law requires that the election of a county treasurer shall be held on the 1st day of the regular April term, 1913, of the fiscal court, or at a date fixed by order, not later than two weeks from said date, and that the pretended election of appellee was not held at the regular April term, 1913, nor any order made fixing the time thereafter for the election of a treasurer; that on the 10th day of November, 1913, and before appellee qualified by executing bond, one of the justices who had voted to appoint a treasurer, moved to rescind the vote to appoint a treasurer, and his motion received a second, but the county judge, who was presiding in the court, ruled the motion out of order, and refused to put it, although it would have received five votes, if a vote had been had thereon; that there was no vacancy in the office at the time, because there had never been any one filling the office theretofore; that the statute creating the office is contrary to the Constitution, because it is local legislation, and the matter is left to the discretion of the fiscal court to elect or not to elect a treasurer as it deems to the best interest of the county; and prayed the court to require the appellee to answer and show by what warrant he claims to hold and enjoy the office, and that a judgment be rendered against him enjoining him from intermeddling or concerning himself about the office, or exercising any of its powers or duties.

Copies of the orders of the fiscal court relating to the transaction were filed with the petition, which showed the presence of the county judge and of the seven justices of the peace of the county, and which showed that upon the vote taken upon the question as to whether or not a county treasurer should be appointed, and his salary fixed, four of the justices voted in the affirmative and three in the negative, but the county judge did not vote. The order further showed that when a vote was taken upon the election of a treasurer, the appellee received four votes, S. H. Dees received two votes, and J. H. Clark received one vote, and then on a motion and second, it was ordered that the appellee be elected unanimously, and the vote being taken upon that motion, all of the members voted in its favor.

The appellee filed a general demurrer to the petition, and the court upon a hearing sustained the demurrer, and the appellant refusing to amend or plead further, the court adjudged that the petition be dismissed, to which the appellant excepted and prayed an appeal to this court, which was granted.

It is insisted by appellant that in as much as Section 929, of the Ky. Statutes, 1915, provides that the appointment of a county treasurer be made on the 1st day of the regular term, 1913, of the fiscal court, and on the same day every four years thereafter, a majority of all of the members of the court being necessary to appoint, and as the appointment was not made on that day, that the county judge should call the members of the court together for that purpose, on a day to be fixed by order entered of record on the order book of the court, not exceeding two weeks thereafter, and the court having failed to elect a treasurer on the 1st day of the regular April term, 1913, and no order having been made by the county judge calling the members of the court together for that purpose on a day not exceeding two weeks thereafter, that the court did not have authority to make an election on the 8th day of November thereafter. The statute further provides, that if the regular term of the court has expired on the day fixed by the order for the election of a treasurer, the county judge shall hold a special term of the fiscal court for the appointment of a treasurer, and shall cause a copy of the order to be served on each member of the court.

Section 938, of the Ky. Statutes, 1915, provides, that: ''Whenever the fiscal court of any county in this Commonwealth, in its discretion, shall deem it necessary to have a county treasurer to manage the financial affairs of the county, said court shall proceed to appoint a county treasurer for said county in the manner provided for in this act.'' Construing all of the sections of Article 6, relating to the office of county treasurer, together, it appears that it is left to the discretion of the fiscal court as to whether or not it is necessary to have a treasurer in any county of this State. If the fiscal court, in the exercise of its discretion, should be of the opinion on the first day of the April term of the fiscal court, or at any other time thereafter, that it was not necessary to have a county treasurer, we do not think that this would preclude the fiscal court from appoint-

ing a treasurer at such time thereafter as when, in its discretion, it deems it necessary to have such an officer. While Section 929, of Article 6, requires the county judge to give the fiscal court an opportunity to pass upon the question as to whether or not it deems it necessary to have a county treasurer, the fiscal court, under the provisions of the law, may elect one whenever, in its discretion, it deems it necessary to have one to manage the financial affairs of the county, but it is required to proceed to do so in the manner provided for in this act. This evidently means that he shall be elected by a majority of the members of the court, and that the person elected shall be a citizen of Kentucky, and over the age of twenty-five years, and for four years a resident of the county for which he is chosen treasurer, and the election must be held at a regular term or at a special term for that purpose, and at a time when each member of the court has notice thereof and an opportunity to be present and to vote concerning the matter. If the fiscal court deems it necessary to have a county treasurer, it may elect one at the regular April term, and if that is not done it may do so at some term held specially for that purpose. The requirement that the county judge when he calls a special term of the court for the purpose of electing a treasurer, shall cause a copy of the order to be served upon each member of the court is only for the purpose of giving each member of the court an opportunity to be present, and to prevent an election when some of them have no knowledge of the meeting for the purpose. For the reasons above stated the fiscal court was within its authority when it proceeded to elect a treasurer at the time alleged in the petition. The county judge and each justice of the peace of the county was present and participated in the election.

It is true that the judge of the county court as judge of the fiscal court is a member of the fiscal court, and must be included in any count to determine whether or not a majority of the court has acted. Bath County, ex rel, Brown v. Daugherty, Commissioner, 113 Ky., 518; Section 144, Constitution; Section 1833, Ky. Statutes, 1915.

It furthermore appears that the resolution by which the fiscal court determined to elect a treasurer, as well as the resolution fixing the salary of the treasurer, was

made by a majority of the members of the fiscal court. The court, in electing a treasurer, was not performing a judicial function, but a ministerial function. For the purpose of electing or appointing a treasurer it was not necessary for the fiscal court to first· adopt a formal resolution expressing its intentions, or to adopt one fixing the salary of the officer when he should be elected. It was only necessary for the court to proceed to an election. The order of the fiscal court filed with the petition shows that the appellee received the votes of four of the seven justices of the peace present, and in confirmation of the choice and purposes of the majority, thereupon, each member voted for his election, by which he received the votes of the entire body of the court, including the county judge and the three justices who did not at first vote for him, as well as the four, who originally voted for his appointment. So, it does not seem that there is any merit in the contention that he was not elected by a majority of all of the members of the court.

The fiscal court is a court of record and can only speak by and through its records. The allegation in the petition that on the following day after the appointment of the appellee as treasurer, a motion was made to rescind the orders on the subject, made the day before, and that the county judge arbitrarily refused to entertain the motion, and that the motion would have received the support of five members of the court, does not state a cause of action, for the reason that no part of such proceeding was ever put upon the records of the court, and could not be considered as any proceeding in the court, because parol evidence is not competent to prove the proceedings of a court, or to nullify the orders of the court, which are duly entered of record. Grayson County v. Rogers, 122 S. W., 866; Kenton County v. Jameson, 150 Ky., 440, 150 S. W., 528.

The allegation that at the April term, 1914, of the fiscal court, an order was entered directing the sheriff to refuse to pay the county funds to the treasurer, would not have the effect of removing the appellee from the office, nor his right to hold the same. The statute provides that the fiscal court may remove the county treasurer from office at any time, but it must be for cause, and upon a hearing of which he had notice and at which he is allowed an opportunity to be heard, and to offer any defense to the cause alleged against him as he may have.

Article 6, Chapter 34, Ky. Statutes, which contains the various acts with relation to the election, and duties of a county treasurer, are in no wise contrary to the provisions of the State Constitution.

The election and qualification of appellee seeming to be regular and authorized by law, the court below was not in error in sustaining the demurrer to the petition, and the judgment is, therefore, affirmed.