## Staverson, et al. v. Kentucky Utilities Company.

(Decided October 19, 1926.)

### Appeal from Rockcastle Circuit Court.

1. Appeal and Error.—A consent judgment leaves nothing in controversy and is not appealable.

2. Evidence.—Judgment specifically reciting plaintiff's objection and that it prayed an appeal, held not such as could be shown by parol

evidence to have been entered by consent, in view of Civil Code of Practice, section 518.

3.   Evidence.—Parol evidence held inadmissible to show that judgment specifically reciting plaintiff's objection was entered by consent.

4.   Evidence.—Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.

C. C. WILLIAMS.and B. J. BETHURUM for appellants.

ROBERT G. GORDON, BRUCE, BULLITT, GORDON & LAURENT, JOHN W. BROWN and CHENAULT HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

In this action appellant sought to condemn an easement in a strip of land fifty feet wide and thirty-eight hundred and twenty feet long over the lands of appellant for the purpose of constructing and maintaining a high-powered transmission line, and also the right to remove timber that endangered its lines for a distance of fifty feet on either side of the center line of the easement, sufficient land to be taken for the base of its towers and to place its poles.

On a trial in the Rockcastle county court appellants were awarded the sum of $2,900.00 in damages. A new trial was granted and on a second trial appellees were awarded $4,000.00 in damages, which appellee paid and immediately prosecuted an appeal to the circuit court where a jury awarded $1,000.00 in damages. As this was $3,000.00 less than the the amount paid on the county court award, judgment was entered in accordance with the verdict but in favor of the plaintiff for the excess so paid.

Several grounds were stated in the motion for a new trial, but only one of these is urged in this court as a ground for reversal and it alone will be considered, to-wit, that the court erred in overruling a motion to dismiss the appeal from the county court and in sustaining a demurrer to an amended answer in the nature of a plea in abatement, both the motion and the amended answer being based on the ground that the final judgment in the county court was a "consent" judgment, leaving nothing in controversy and therefore not appealable.

The motion was supported by several affidavits tending to show that the trial jury, after a long consideration,

appeared unable to agree on a verdict and that the parties agreed on a settlement and consented for the jury to be called in and to return the verdict hereinafter quoted, which was accordingly done.

It may be conceded that the legal principle as to the effect of a consent judgment is as claimed by appellants and that the case turns upon the character of the county court judgment. 3 C. J. Appeal and Error, section 546; West v. West, 65 S. W. 813. Duncan v. Louisville, &c., 13 Bush 378; Lodge v. Williams, 195 Ky. 773, and authorities there cited.

The judgment reads:

"This day came the defendants, Gus Staverson and Louisa Staverson, and plaintiff, Ky. Utilities Co., each of whom have heretofore excepted to the commissioners' report herein and announce ready for trial. Thereupon came the following jury, to-wit, . . . duly selected, impaneled and sworn to try said proceeding, and after hearing argument of counsel returned the following verdict:

" 'We the jury find for the defendant for damages by reason of taking and using the easement, $2,000.00; we further find for the damage to the residue of defendants' land $2,000.00. J. C. Rimel, foreman.'

"It is therefore the judgment of the court that $2,000.00 is the value of the strip of land for the purposes hereinafter stated and sought to be condemned herein and $2,000.00 for the damage to adjacent lands, including the advantages and disadvantages resulting to the adjacent lands of the defendant considering the purpose for which the land is taken. . . ."

The nature, character and purpose of the easement acquired is then set out in great detail, together with the adjudication of costs, the judgment closing with the words:

"The plaintiff objects to the amount of damages awarded in this judgment and prays an appeal to the Rockcastle circuit court, which is granted."

The amended answer is in these words:

"Now comes the defendants and say there is no controversy between the parties in this action, and

nothing for a jury to try; they say that this case was
appealed from the Rockcastle county court, and that
there was an agreed and consent judgment in the
Rockcastle county court, on the — day of —, 19—,
for the sum of $4,000.00; that the plaintiffs and de-
fendants and attorneys for the plaintiff and defend-
ants agreed and consented that a judgment for
$4,000.00 may be entered in said Rockcastle county
court, by the consent and sanction of the regular
judge of said county court, presiding at the time;
that immediately after the plaintiffs gave to the de-
fendants a check for $4,000.00, and paid the full
amount of said agreed judgment, and that the plain-
tiff also paid the costs of this action, and that there
is nothing now for the court to try, and that this ac-
tion should be dismissed settled.''

It will be observed that the county court judgment
is on its face a regular judgment of the court and makes
no reference to any agreement or consent of the parties
and that the last paragraph contains a positive objection
on the part of the plaintiff to the amount of damages; and
that an appeal to the circuit court is prayed and granted.
The question to be determined is whether or not parol
evidence is permissible to show that in fact this was a
consent judgment. Clearly such evidence is inadmissible.
Without passing on the question whether it is necessary
to embody the words ''by consent'' or ''by agreement''
in a consent judgment to distinguish it from an ordinary
judgment, the concluding paragraph of this judgment
clearly shows that the plaintiff was objecting to the
amount of damages and asking an appeal to the circuit
court.   Certainly this language negatives consent and
unless modified must be overcome by extraneous evi-
dence before it can be said that the judgment was by
consent.

An elementary principle of law, founded upon a
sound consideration of public policy, is that ''parol con-
temporaneous evidence is inadmissible to contradict or
vary the terms of a valid written instrument.''   Green-
leaf on Evidence, section 275.   In a more marked degree
is this true of judicial records and judgments of court,
upon the stability of which the rights of property and the
safety of society rest, and to which the rule is rigidly ap-
plied.

It is thus stated in 22 C. J., Title Evidence, section 1388:

"The rule under discussion is stringently enforced to forbid the admission of any parol or extrinsic evidence to contradict, impeach, vary or explain judicial records, especially where the right of third persons acquired under a judgment would be affected. This rule protects pleadings forming a part of the judgment roll, recitals in the record, the description of a writ and even it has been held the clerk's file mark on the return of a writ, or his entry of the filing of his bill of exceptions in his office. It also precludes the admission of evidence showing the grounds of a judgment, order or decree, or to show that the grounds on which a judgment was apparently based did not exist, or that a verdict was improper."

Many cases are cited in support of the rule which is in line with the following cases from this court: McCreary County v. Bryant, 173 Ky. 363; Riddell v. Boone County, 183 Ky. 77; Fox v. Lantrip, 169 Ky. 759; Handley v. Russell, 3 Ky. 145; Barnett v. Gilbert, 164 Ky. 564; Grayson County v. Rogers, 122 S. W. 866; Kenton County v. Jamison, 150 Ky. 440; Renshaw v. Cook, 111 S. W. 377; Pilcher v. Ligon, 91 Ky. 229; Bennett v. Tiernay, 78 Ky. 584; Green v. Goodrum, 4 Met. 275.

It will further be observed that the defendants did not appeal from the county court judgment. On the contrary, of necessity they relied on the validity of that judgment, and at the same time sought to deny the effect of one of its integral parts. The judgment could not have been so modified except in the tribunal in which it was rendered and in one of the ways pointed out by section 518 of the Civil Code. As presented in the circuit court it was a collateral attack upon the judgment by one of the parties thereto, which is not permissible even for fraud or mistake (matters not here alleged). It follows that the action of the court in overruling the motion to dismiss the appeal and in sustaining a demurrer to the amended answer was proper.

Wherefore, perceiving no error, the judgment is affirmed.