## Peak, Judge, et al. v. Akins.

(Decided March 3, 1931.)

D. E. WOOLDRIDGE for appellants.

ROBERT T. CROWE for appellee.

Opinion of the Court by Judge Clay—Affirming.

Section 3780, Kentucky Statutes, is as follows:

"County courts may, once in each year, divide their respective counties into as many districts as the public peace and good order of society may require, and appoint in each district a company of patrols, to consist of one captain and not exceeding three men, to continue in service twelve months, unless removed by the county court for neglect of duty or improper conduct. None but discreet and sober men shall be appointed patrols; they shall take an oath before a justice of the peace faithfully, impartially, and diligently to perform the duties of patrols. But patrols shall have jurisdiction co-extensive with the whole county."

Section 1, chapter 122, Acts 1930, which became a law in June of that year, is as follows:

"The fiscal courts of the respective counties shall fix the salary or compensation of each patrolman appointed by the county court, in accordance with the provisions of Section 3780, Kentucky Statutes, Carroll's 1922 Edition. Provided, however, that no patrolman shall be paid more than eighteen

hundred dollars ($1,800) per annum, payable in equal monthly installments out of the county levy; but the county court may designate one of said county patrolmen as chief of the county patrolmen, who shall serve as such chief during the pleasure of the county court, and such chief shall be paid not more than two thousand one hundred dollars ($2,100) per annum out of the county levy, payable in equal monthly installments. The fiscal court, shall by order, fix the amount of their salary within the limits herein provided. The county court may designate one or more of said patrolmen as motor patrolmen, who in the discretion of the fiscal court, may be provided with motor vehicles.''

The orders of the Oldham county court show that on May 1, 1928, R. C. Akins was appointed county patrolman of Oldham county, and qualified by giving bond and taking the oath of office according to law. At a regular meeting of the fiscal court on the same day it was ordered that the county court be directed to appoint Akins as patrolman of Oldham county.

At a regular term of the fiscal court held on November 6, 1928, an order was entered agreeing that R. C. Akins should be continued in office as county patrolman at $75 a month, the allowance to be binding for 12 months. On October 1, 1929, the fiscal court entered an order employing Akins as county patrolman for one year from November 1, 1929, to November 1, 1930, at a salary of $75 per month.

On June 3, 1930, the fiscal court entered an order discontinuing the office of county patrolman, the same to take effect 30 days from date.

At the regular term of the Oldham county court held on July 21, 1930, an order was entered making the entire county of Oldham one district within the meaning of section 3780, Kentucky Statutes, and appointing R. C. Akins county patrolman for the entire district.

The orders of the Oldham county court further show that on June 19, 1929, the Fidelity & Casualty Company of New York filed a renewal bond in the sum of $1,000 for Roy C. Akins, county patrolman for Oldham county, and that on July 23, 1930, the same company filed another renewal bond.

On October 16, 1930, R. C. Akins brought this suit against the members of the fiscal court for a mandatory

injunction requiring them to fix his salary as county patrolman. With the first and second paragraphs of the petition we are not concerned. In the third paragraph he alleged that he was appointed county patrolman on July 21, 1930, by the county court of Oldham county by an order duly entered of record; that he accepted said appointment and qualified as such and executed bond with the Fidelity & Casualty Company of New York as his surety; that he had been acting continuously and regularly as patrolman of Oldham county since his said appointment; that it was the duty of the fiscal court under the Act of 1930 to fix a reasonable salary for his services not to exceed $1,800 per year; that the members of the fiscal court, although requested to do so, had not fixed his compensation. Filed with the petition were copies of the orders above set out. The members of the fiscal court interposed a demurrer which was sustained to paragraphs 1 and 2, and overruled as to paragraph 3. Thereupon the defendants filed an answer in the second paragraph of which they pleaded that Akins' appointment was invalid as the county was not divided into districts; that he did not at any time take an oath before a justice of the peace to faithfully, impartially, and diligently perform the duties of the office; that he did not on July 21, 1930, execute any bond as patrolman of Oldham county; and that he had never been legally or at all qualified as patrolman. At first a demurrer was sustained to the answer. Later on this order was set aside and the demurrer carried back to the petition and sustained. Thereupon plaintiff filed an amended petition, stating that on that day he had taken the oath required by section 3780, Kentucky Statutes, before B. B. Able, justice of the peace of Oldham county, and the constitutional oath before G. W. Peak, county judge of that county, and filed therewith a certified copy of an order of the county judge showing that this had been done. Thereupon, the demurrer of the defendants to the petition as amended was overruled, and the defendants having declined to plead further, the case was submitted on the record and the members of the fiscal court were directed to meet and fix a reasonable salary for plaintiff as county patrolman not to exceed $1,800 a year for the period of one year from July 21, 1930. The defendants have appealed.

It is first insisted that section 3780, Kentucky Statutes, providing for the appointment of patrolmen, is un-

constitutional and repugnant to public policy. The argument is that although the General Assembly is empowered to provide for the election or appointment of inferior state officers or of county and district officers not otherwise provided for in the Constitution, these sections do not empower the Legislature to pass an act delegating to the county judge the right in his discretion to create or not create an office. In our opinion the office is not created by the county court. It is created by the Legislature. In view of the fact that some counties may not need a patrol, the act is not made mandatory on all counties. Whether a particular county will avail itself of the power conferred is left to the county court. Among our statutes are many authorizing but not directing municipalities to appoint certain officers. They have always been regarded as constitutional, and we perceive no reason for a contrary view.

Of course, there is no merit in the contention that the act is contrary to public policy. There is no higher authority than the Legislature when acting within the limits of the state and federal Constitutions in determining the public policy of a state. That being true, an act of the Legislature declaring the public policy on a certain question cannot in the nature of things be contrary to public policy.

Another insistence is that plaintiff's appointment was void because the county court did not divide the county into districts and appoint in each district a company of patrols as provided by section 3780, supra. The county court did make one district of the county and appointed a patrolman for that district. The whole includes a part, and the authority to appoint a company of patrols carried with it the authority to appoint a less number.

But the point is made that the exhibits filed with the petition show that the official bond and oath of office were not taken for more than 30 days after plaintiff received notice of his appointment, and that under section 3755, Kentucky Statutes, the office became vacant. Whether, in view of the fact that plaintiff had taken the oath of office when first appointed in 1928, and had executed bond, though under a void appointment by the fiscal court, which continued in effect until the renewal of the bond under his last appointment, the county court would have been authorized to declare a vacancy because the renewal bond was not executed within 30 days after his

716

last appointment and because it appeared that he did not take the oath of office until October, 1930, we deem it unnecessary to decide. It is sufficient to say that section 1, chapter 122, Acts 1930, supra, makes it the duty of fiscal courts to fix the salary or compensation of each patrolman appointed by the county court in accordance with the provisions of section 3780. Here the appointment was made. The order of the county court is not subject to denial. On this fact appearing, it was the duty of the fiscal court to fix the compensation. It had no right to raise the collateral issue that plaintiff had forfeited his office by failure to qualify in time. It not appearing that plaintiff was ineligible, that is a matter that could be raised only in a direct proceeding. Morgan v. Vance, 4 Bush (67 Ky.) 329.

Inasmuch as it appeared of record that plaintiff had been appointed and had qualified, the denial contained in the answer was a mere denial of the record and therefore not sufficient.

It follows that the demurrer to the amended petition was properly overruled, and that the demurrer to the answer was properly sustained.

Judgment affirmed.