# Akins v. Peak et al.

(Decided June 19, 1931.)

ROBERT T. CROWE for appellant.

D. E. WOOLDRIDGE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Roy C. Akins was appointed county patrolman of Oldham county in June, 1930, by the county court under section 3780, Ky. Statutes. The fiscal court thereafter

refused to make the appropriation for the payment of his salary, took from him the automobile furnished by the county, and stopped the maintenance fund for his motorcycle. Akins filed an action in the circuit court of Oldham county wherein he sought a mandamus requiring the fiscal court to fix and pay his salary. The circuit court entered a judgment directing it to fix his salary, from which judgment an appeal was taken to this court. Peak, Judge, v. Akins, 237 Ky. 711, 36 S. W. (2d) 351, 353. The judgment of the circuit court was affirmed. Our conclusion was stated in this language:

"It is sufficient to say that section 1, chapter 122, Acts 1930, supra, makes it the duty of fiscal courts to fix the salary or compensation of each patrolman appointed by the county court in accordance with the provisions of section 3780. Here the appointment was made. The order of the county court is not subject to denial. On this fact appearing, it was the duty of the fiscal court to fix the compensation. It had no right to raise the collateral issue that plaintiff had forfeited his office by failure to qualify in time. It not appearing that plaintiff was ineligible, that is a matter that could be raised only in a direct proceeding. Morgan v. Vance, 4 Bush (67 Ky.) 329."

After the judgment of this court, the fiscal court met and entered an order fixing his salary at $50 a month. Akins was not satisfied with it as fixed by the fiscal court. On the 30th day of April, 1931, he filed this action against the members of the fiscal court, in which he set out the history of the proceedings of the fiscal court, including the order fixing his salary, and asked the circuit court to hold the members of the fiscal court guilty of civil contempt by reason of its order fixing his salary at $50, on the ground that it was unreasonable, and for that reason not in compliance with the orders of the court. He sought and asked that his salary be fixed in this action at $150 a month or $1,800 per year, payable monthly. This order was entered in the circuit court:

"Then came defendants by attorney and objected to the jurisdiction of the court, and the court being advised sustained said objection . . . and dismissed the petition."

·From this order this appeal was taken. He insists here that the entry of the order of the fiscal court by the appellees was equivalent to, and should be regarded by the court as, a failure or refusal to carry out the judgment of the circuit court in the original action; that its entry is a subterfuge on the part of the fiscal court to avoid the judgment of the circuit court. He insists that although section 978, Ky. Statutes, provides for an appeal from the orders of the fiscal court to the circuit court, that this section does not afford the only and exclusive remedy.

He insists that in addition to the right to an appeal under the section of the statute, supra, he has this remedy against members of the fiscal court. He insists that the circuit court having by the original action obtained jurisdiction of the parties and the subject-matter, it should continue control until its judgment or orders are complied with in good faith; that the members of the fiscal court when fixing his salary at $50 a month were not acting in good faith.

This brings first for consideration the question of the right of Akins to arraign in the circuit court, by this procedure, the members of the fiscal court after they have acted in pursuance to the judgment of the circuit court rendered in the original action. It should be conceded that the only remedy the circuit court may afford in this action is to compel the members of the fiscal court to carry out its judgment in the original action by rule for contempt. A fine may be imposed for a civil contempt on notice or summons to the contemptor, where the contempt is not committed in the presence of the court. Henry Clay v. Quarter Sessions Court, Ky. Dec. 189. The circuit court has power to punish every contempt without the intervention of a jury, notwithstanding section 1291, Ky. Statutes, limits such power to instances where the fine shall not exceed $30. or imprisonment in jail not exceeding 30 hours. Talbott v. Com., 207 Ky. 479, 270 S. W. 32. The court may issue a rule against a defendant to require him to show why he should not be fined or imprisoned, or both, in the discretion of the jury for a contempt, and the court may impanel a jury to hear, try and fix the penalty. Arnold v. Com., 80 Ky. 300, 44 Am. Rep. 480. The most the petition in this case amounts to, is that it takes the place of notice or summons which is required in every case, except where the contempt is committed in the presence

of the court, and defendant is present in court when the fine is imposed for contempt. Clay v. Quarter Sessions Court, supra. A contempt of court may be "criminal" or "civil."

"A 'criminal contempt' is conduct directed against the dignity and authority of the court. It includes those acts done in disrespect of the court or its processes or which obstruct the administration of justice or tend to bring the court into disrepute. It covers not only acts which directly and openly insult or resist the powers of the court or the persons of the judges." Mitchell v. Com., 206 Ky. 634, 268 S. W. 313; French v. Com., 97 S. W. 427, 30 Ky. Law Rep. 98; Ex parte Savin, 131 U. S. 267, 9 S. Ct. 699, 33 L. Ed. 150; Melton v. Com., 160 Ky. 642, 170 S. W. 37, L. R. A. 1915B, 689; Riley, etc., v. Wallace, Judge, 188 Ky. 471, 222 S. W. 1085, 11 A. L. R. 337.

"A civil contempt is defined to be a failure to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein." Ketcham v. Com., 204 Ky. 168, 263 S. W. 725, 726; Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018; Capps v. Gore, 231 Ky. 185, 21 S. W. (2d) 266; Adams v. Gardner, Judge, 176 Ky. 252, 195 S. W. 412.

Applying the definitions of civil and criminal contempts, it is plain that the appellees cannot be regarded, even though accepting Akins' view of the case, guilty of criminal contempt. Accepting the allegations of his petition as true, which must be done in this case, it is equally as apparent that the appellees are not guilty of a "civil contempt" even though they fixed the salary of Akins at $50 per month, and that this amount may be shown by evidence as unreasonble.

Section 3783, Ky. Statutes, requires the fiscal court of the county to fix the salary or compensation of each patrolman appointed by the county court in accordance with the provisions of section 3780, Ky. Statutes, at not exceeding $1,800 per year, payable in monthly installments out of the county levy. The judgment of the circuit court in the original action, which was affirmed by this court, directed the fiscal court to fix Akins' salary in accordance with the section of the statute supra. When it fixed his salary at $50 a month it was not only exercising its discretion and power by virtue of the section

supra, but was performing a duty which the judgment of the circuit court directed and required it to perform.

When fixing his salary by virtue of section 3783, supra, the fiscal court was performing a statutory duty like unto that which it performs by the act of fixing the salary of the county judge as prescribed by section 1072, Ky Statutes. In discussing the right and duty to fix the county judge's salary in case he is dissatisfied with it as fixed by the fiscal court in the case of Monroe County v. Miller, Judge, 132 Ky. 102, 116 S. W. 272, 273, we said:

> "The county judge's salary is regulated by the statute. The rule allowing suits on other claims (Hudgins v. Carter County, 115 Ky. 133, 24 Ky. Law Rep. 1980, 72 S. W. 730) does not apply. The jurisdiction to fix the county judge's salary in the fiscal court is exclusive, subject to the right of appeal."

The duty and power of the fiscal court when it fixed the salary of Akins were identical with that when fixing the salary of a county judge, therefore the statement of the rule supra by this court in Monroe County v. Miller, supra, is conclusive of the present one. The order of the fiscal court fixing his salary at $50 a month is subject to an appeal or to a review by the fiscal court on a petition filed with it in accordance with section 518, Civil Code of Practice. It was a prima facie performance by the fiscal court of its duty, as required by the judgment of the circuit court in the original action. The fiscal court by its entry of the order fixing his salary was not "a failure to do something ordered to be done by the circuit court in a civil action for the benefit" of Akins, and the members of the court cannot be proceeded against for civil contempt for engaging in that act. It was clothed with a discretion, and, when it exercised that discretion and fixed his salary at $50 a month, even if the amount so fixed was unreasonable, the remedy of Akins in the circuit court was by an appeal and not by a procedure for civil contempt. Ohio County Court v. Newton, 79 Ky. 267; Butler County v. Gardner, 96 S. W. 582, 29 Ky. Law Rep. 923; Hickman County v. Sacrborough, 150 Ky. 1, 149 S. W. 1116. A mandamus will lie to compel the fiscal court to act, but not to control its discretion. City of Louisville v. Kean, 18 B. Mon. 9, 17. In exercising its jurisdiction in fixing his salary at $50 a month, it was exercising a judicial discretion. Kenton

County v. Jameson, 150 Ky. 440, 150 S. W. 528; Knott County Fiscal Court v. Duke, 157 Ky. 499, 163 S. W. 459.

Its judgment in so fixing a salary is not subject to a collateral attack such as is this action. Kenton County v. Jameson, supra; Barnett v. Gilbert, 164 Ky. 564, 175 S. W. 1029; Grayson County v. Rogers (Ky.) 122 S. W. 866; Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136; Staverson v. Ky. Utilities Co., 216 Ky. 309, 287 S. W. 890.

It will be noticed that Akins did not appeal from the fiscal court judgment fixing his salary. The parol evidence offered in this action is not competent to impeach, modify, or set aside such judgment of the fiscal court so fixing his salary. Such evidence is not competent, except on a petition filed in the fiscal court in one of the ways pointed out by section 518 of the Civil Code of Practice, or on an appeal therefrom within the time, manner, and form provided by section 978, Ky. Statutes. Barnett v. Gilbert, supra; McCreary County v. Bryant, 173 Ky. 363, 191 S. W. 119; Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323; Fox v. Lantrip, supra; Handley v. Russell, Hardin, 145; Grayson County v. Rogers, supra; Kenton County v. Jameson, supra; Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377, 33 Ky. Law Rep. 860; Pilcher v. Ligon, 91 Ky. 228, 15 S. W. 513, 12 Ky. Law Rep. 860; Bennett v. Tiernay, 78 Ky. 584; Green v. Goodrum, 4 Metc. 275; Civil Code of Practice, sec. 518; Ky. Statutes, sec. 978; Staverson v. Ky. Utilities Co., supra; Greenleaf on Evidence, sec. 275.

Wherefore the judgment is affirmed.

Whole court sitting.