## Caddell v. Fiscal Court of Whitley County.

(Decided Feb. 22, 1935.)

STEPHENS & STEELY for appellant.

C. B. UPTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant was a candidate in the regular primary election in 1933 for the Republican nomination for the office of county attorney of Whitley county.

He was awarded the certificate of nomination, and at the following regular November election for that year he was elected to the office and took the oath and was inducted therein on the first Monday of the following January, 1934. Pursuant to chapter 131 of the Session Acts of 1932, which was and is an amendment to section 1072 of our prior Statutes, the fiscal court of Whitley county met the first Monday in May, 1933 (being the year in which appellant was elected), and by order, duly entered and signed, the salary for the incoming regular term for that office was fixed at $1,000. No one appealed therefrom or in any manner attempted to question the propriety of the order, until on February 20, 1934, when an appeal therefrom was attempted to be taken by appellant, by his taking the necessary steps for perfecting one in such cases, to the circuit court of that county. When the attempted appeal was reached in the latter court, the county, through its employed counsel, filed a special demurrer to the attempted procedure which the court and parties seem to have treated as a motion to dismiss the appeal, and which was followed by an order to that effect, to reverse which appellant prosecutes this appeal. Waiving, as did the parties and the court, the regularity of presenting the question (i. e., the right of appellant or any other person to prosecute the appeal more than sixty days after the order was entered by the fiscal court) involved, we will dispose of it as if the appellee had regularly moved for a dismissal.

That an appeal from an order of the fiscal court of a county fixing the salary of its officers may be maintained, and is the proper procedure for one dissatisfied therewith, has been held by us in a number of cases construing section 978 of the 1930 Edition of Carroll's Kentucky Statutes; some of the latest ones are Monroe County Court v. Miller, 132 Ky. 102, 116 S. W. 272; Breathitt County et al. v. Turner, 223 Ky. 727, 4 S. W. (2d) 695; Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324. It is likewise provided by section 729 of our Civil Code of Practice that appeals to the circuit court from courts inferior to it must be prosecuted "within sixty days from the rendering of the judgment," and it is conceded that in this case the attempted appeal of appellant was not made until more than nine months from the making of the order or

judgment which he seeks to review by his appeal. Numerous are the cases in which we have held that an appellate court has no jurisdiction of an appeal to it, unless the appeal was perfected within the time allowed by law for that purpose, and when not done in accordance therewith the appeal will be dismissed by the appellate court on the ground that it has no jurisdiction to entertain it. That established rule of practice has been so consistently declared and followed by us and other courts as to render it unnecessary to list the cases in which it was done. It is indeed conceded by counsel to be the mandatory requirement on the subject; but they in their brief filed here make the contention, in avoidance of that requirement, that the attempted appeal was perfected by appellant within sixty days after he qualified as county attorney of his county and which was the first and only time that he could prosecute an appeal from the order which he seeks to nullify, and for which reason the court erred in dismissing his appeal.

Another proposition of law is as well settled as the one to which we have just referred, and which is: That no one has an inherent right to appeal from a court judgment, and that the right to do so, in the absence of some constitutional provision to the contrary, rests exclusively with the Legislature, and which it may grant or withhold at its discretion. However, in making provision therefor, or in denying the right, the legislative action must not be discriminatory, but framed in such manner as to apply to all parties similarly situated, equally and without partiality to any. Counsel for appellant seems to question that proposition, and cite our opinions in the cases of Paducah Hotel Co. v. Long, 92 Ky. 278, 17 S. W. 853, 13 Ky. Law Rep. 531, and Eastern Kentucky Coal Lands Corporation v. Commonwealth, 127 Ky. 667, 106 S. W. 260, 108 S. W. 1138, 32 Ky. Law Rep. 129, 33 Ky. Law Rep. 49, as holding to the contrary, as we understand their brief. But if we are correct in our interpretation of them, then they have no bearing on the question whatever, as will be readily seen from a careful reading of them. In the 127 Kentucky case, which is the one chiefly relied on by counsel, the point was made that the subject-matter involved on the appeal was concluded by the judgment of the county court in which involved the tax proceeding

was first instituted, as affirmed by the circuit court, because the statute creating that remedy made the judgment of the circuit court, to which an appeal was allowed, conclusive of the matter. Judge O'Rear, who wrote the opinion for the court, construed the statute so as not to deny the right of appeal from the circuit court with reference to the particular point involved on the appeal to this court, and therefore, took jurisdiction of it, upon the ground that the statute creating the remedy had not denied an appeal from the circuit court as to that particular question. This court, however, recognized the fundamental rules to which we have referred and most emphatically indorsed and approved them. The contention of counsel seems to be based upon the theory advanced by them that their client's right to prosecute the appeal never accrued until after his induction into office, and that, since he prosecuted the appeal within sixty days therefrom, the circuit court should have entertained it. Replying, thereto, it is quite possible that, either as a taxpayer of the county, or as a candidate or prospective one for the involved office, appellant might have prosecuted an appeal from the order fixing the allowance, after the refusal of a request of the county attorney to do so, since a taxpayer may take such appeals from fiscal orders of that kind when the one who should have done so in the first instance refused upon request to take the procedure. But whether so or not, one running for office must accept all the law pertaining thereto as he finds it. Appellant as a mere candidate for the office possessed no rights that the previously fixed salary by the fiscal court in anywise invaded. If it were not sufficient in amount to satisfy his desire and liking, he could refuse to become a candidate, or withdraw after his announcement as such. No one compelled him to continue as one, and, presumptively at least, he knew what he would obtain as salary from the time the order was entered by the fiscal court. One so situated must accept the salary as so fixed. Plaintiff, therefore, stood in no position to become vested retroactively after his election and qualification with the right to then, for the first time, question the fairness of the amount fixed and to thus indirectly clothe himself as a qualified litigant with authority to contest and dispute consequences produced by water that had run over the dam. The courses open to him were either

118

to prosecute an appeal within sixty days after the order as a taxpayer of the county (and possibly as a bona fide candidate for the office involved), or to have thanked the electorate for their attention and retire from the scene. Neither one was pursued, and the order fixing the status of the salary must remain.

Wherefore, the judgment is affirmed.