## Mitchell v. Commonwealth.

(Decided January 16, 1925.)

### Appeal from Muhlenberg Circuit Court.

1. Contempt—"Criminal Contempt" Defined.—"Criminal contempt" is conduct directed against the dignity and authority of the court and includes those acts done in disrespect of court or its processes or which obstruct administration of justice, or tend to bring the court into disrepute, and not only acts which directly and openly insult or resist the powers of the court or the persons of the judges.

2. Contempt—Attempt by Defendant Charged with Crime to Tamper with Jury Panel is Criminal Contempt.—Attempt by person charged with crime to tamper with jury panel before which he is to be tried is criminal contempt.

3. Contempt—Defendant who Offered to Bribe Juror if he would Hang Jury Held Guilty of Criminal Contempt.—Defendant charged with misdemeanor, who approached a member of the petit jury for the term during which he was to be tried and offered to pay him certain sum if he would qualify as a juror in his case and hang the jury, held guilty of criminal contempt.

4. Contempt—In Criminal Contempt Proceeding Based on Attempt to Bribe Juror, Evidence Held Sufficient for Submission of Case to Jury.—In criminal contempt proceeding in which it was claimed that defendant had offered to pay member of jury panel a certain sum to qualify as juror and hang jury, evidence held sufficient for submission of case to jury.

5. Contempt—Evidence Held to Sustain Verdict Finding Defendant Guilty of Attempt to Bribe Juror.—In criminal contempt proceeding in which it was claimed that defendant had offered to pay member of jury panel a certain sum to qualify as juror and hang jury, evidence held to sustain verdict finding defendant guilty.

6. Criminal Law—Refusal to Discharge Jury Panel Not Subject to Review.—Under Criminal Code of Practice, section 281, refusal to sustain motion to discharge panel of jury before whom defendant was tried because of prejudice held not subject to review on appeal by defendant adjudged guilty of criminal contempt.

C. A. DENNY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under an indictment charging him with criminal contempt of court, the appellant was found guilty and

sentenced to serve six months in jail and to pay a fine of $270.00.

Appellant first insists that his demurrer to the indictment should have been sustained on the theory that it stated no public offense. Omitting its accusatory part and its conclusion, the indictment charges that the appellant "did unlawfully, wilfully whilst there was pending in the Muhlenberg circuit court a proceeding for a misdemeanor against the said Mitchell and another, improperly and corruptly approach one Estill Gossett, a member of the petit jury of said court for the term when the said proceeding was set down and stood for trial and before the same was called for trial, and did then and there improperly, corruptly and in utter contempt of the Muhlenberg circuit court and its authority and in the obstruction of justice and in due and orderly administration of justice by said court, its officers and jurors, state and represent to said juror that if said juror would accept his proposition when said proceeding to which he was a party was called for trial he, the said Mitchell, would exercise his peremptory challenges as to jurors called in said case until said Estill Gossett should be called in the formation of the jury to try said case, and that if the said Estill Gossett would qualify as a juror in said case and hang the jury he, the said Mitchell, would pay the said juror therefor the sum of $20.00."

A "criminal contempt" is conduct directed against the dignity and authority of the court. It includes those acts done in disrespect of the court or its processes or which obstruct the administration of justice or tend to bring the court into disrepute. It covers not only acts which directly and openly insult or resist the powers of the court or the persons of the judges but to consequential, indirect and constructive contempts which obstruct the process, degrade the authority and contaminate the purity of the court. Rapalje on Contempt, p. 21; Yates v. Lansing, 9 John (N. Y.) 395; Melton v. Commonwealth, 160 Ky. 642, 170 S. W. 37. It is hard to conceive of any conduct that would tend more to degrade the authority and contaminate the purity of a court than an attempt by a person charged with crime to tamper with the jury panel before which he is to be tried. And the courts have so held. In Re Cuddy, 131 U. S. 280, it appeared that Cuddy had approached a member of a jury panel before which a criminal prosecution was about to

be called for trial in the endeavor to influence his actions
as a juror in the event of his final selection as a juror
to try said prosecution. The Supreme Court upheld his
conviction for criminal contempt of court in so doing. To
the same effect is the case of Little v. The State, 90 Ind.
338.

In 6 R. C. L. 499 we find: "The general rule is that
a person who attempts to bribe or influence the decision
of a juror is guilty of contempt of court, regardless of
whether the act which constitutes the contempt is com-
mitted in or out of the presence of the court. Nor does it
matter whether a juror is actually sworn on a particular
case or is only a member of the panel from which a trial
jury is to be selected."

In 13 C. J. 22, it is said: "All willful attempts of
whatever nature, seeking to improperly influence jurors
in the impartial discharge of their duties, is contempt,
whether it be by conversations or discussions, or by at-
tempts to bribe. The rule applies, although the juror
has not been sworn to try the case with reference to which
it was sought to influence him."

The principle underlying the case of French v. Com-
monwealth, 30 Ky. Law Rep. 98, 97 S. W. 427, supports
these views. In this case, French was convicted of a
criminal contempt because in a pending action to which
he was a party he had hired adverse witnesses who had
been subpoenaed to testify in that case to leave the state.
Such conduct on his part was held to obstruct the ad-
ministration of justice, and to tend to bring the court into
disrepute. See also In Re Savin, 131 U. S. 267. If it be
criminal contempt to hustle a witness, who has been sub-
poenaed to testify in a pending action, out of the state,
it is surely criminal contempt to endeavor to influence a
talesman summoned for jury service in a pending crim-
inal prosecution. But appellant urges that the acts
complained of cannot constitute criminal contempt be-
cause had he accomplished his purpose and bribed the
juror, on indictment for such bribery, his maximum pun-
ishment could not have exceeded a fine of $1,000.00 (Ky.
Statutes, section 1367), whereas he might have not only
received a fine far in excess of that amount but a long
jail sentence as well under an indictment for criminal
contempt. That the acts in question may also be indict-
able under the penal laws of the state does not prevent
them from being punished also as a criminal contempt.

In Re Fellerman, 149 F. 244, the court discussing this proposition said: "Such conduct is an offense against the court as an organ of public justice, and may be rightfully punished on summary conviction, whether the act complained of be punishable as a crime on indictment or not. The offense may be double; so is the remedy and the punishment." In Bradley v. The State, 111 Ga. 168, the court held that although bribing or attempting to bribe a juror or officer of the court was indictable under the penal laws of the state, that fact did not deprive the court of the power of dealing with it as a contempt of court.

We therefore conclude that the demurrer to the indictment was properly overruled.

Appellant next urges that the court at the conclusion of the testimony should have peremptorily instructed the jury to find him not guilty and that the verdict is against the evidence. The prosecuting witness, Estill Gossett, testified that he was one of the regular panel of the petit jury at the regular September, 1924, term of the Muhlenberg circuit court, and that during the noon recess of the court on September 5th, appellant came up to him in the courtyard and asked him to come down to the colored hall as he wished to talk to him about something; that appellant then left but the witness remained in the courtyard and did not accompany him; that about five minutes later the appellant returned, called the witness over to one side, informed him that he had a case coming up and said, "If you will hang the jury I will give you a $20.00 bill," and, right after this statement said, "I will keep kicking them off until I get you on there." The witness refused to accept this proposition, and at once informed the sheriff of what had occurred, whereupon the sheriff took appellant into custody. It is also proved that the appellant was a party to a criminal prosecution against him pending at said time in that court and which would have been reached for trial the afternoon of these transactions in question or on the following morning. Two other witnesses corroborated the prosecuting witness in all that he had said except the last conversation which was had between him and the appellant, and when he was called to one side. Appellant admitted everything except this last conversation. His version of this was that he inquired of prosecuting witness whether or not he had been on some juries which

had tried some liquor cases at that term of court and that the prosecuting witness had said, "yes," and jokingly stated that if he got on appellant's case he would hang it for $40.00, and appellant jokingly replied that he could only pay $20.00. In rebuttal the prosecuting witness denied any such conversation or that the offer of appellant to pay $20.00 was a joke or jokingly made. From this statement of the evidence it is apparent that the defendant was not entitled to a peremptory instruction. "It is only in the absence of any evidence tending to establish the guilt of the accused that the trial court is authorized to grant a peremptory instruction." Marcum v. Commonwealth, 201 Ky. 527, 257 S. W. 714. Nor should the verdict be set aside as against the evidence. "The verdict of a jury will not be disturbed upon the ground it is not sustained by the evidence unless it is flagrantly against the evidence." Miller v. Commonwealth, 182 Ky. 438, 206 S. W. 630. Not only do we think that the verdict was not flagrantly against the evidence but that it was abundantly supported by the evidence.

Lastly, it is urged that the court should have sustained appellant's motion to discharge the regular September, 1924, panel of the jury before whom he was tried because, as he said in his motion, said panel would be unduly prejudiced against him on account of the fact that he was charged with attempting to bribe one of its number. We are precluded under section 281 of the Criminal Code from reviewing the action of the trial court in this regard.

No error appearing prejudicial to the substantial rights of the appellant, the judgment of his conviction is affirmed.