**COMMONWEALTH of Kentucky (Hon. James Miller, Real Party In Interest), Appellant,**

v.

**Shaun Christopher PACE (Hon. Judge Ernest Jasmin, Real Party in Interest), Appellee.**

No. 1999–CA–001042–MR.

Court of Appeals of Kentucky.

March 24, 2000.

A.B. Chandler, III, Attorney General, Harry J. Rothgerber, Jr., Special Assistant Attorney General, Louisville, for Appellant.

Judge Ernest A. Jasmin, Louisville, for Appellee pro se.

Before: BARBER, COMBS, and McANULTY, Judges.

## OPINION

COMBS, Judge.

The Commonwealth of Kentucky and Assistant Commonwealth's Attorney James Miller, Real Party In Interest, appeal from an April 5, 1999 order of the Jefferson Circuit Court holding Miller in contempt and ordering him to pay a fine of $100.00. The trial court's order of contempt followed the failure of Miller, counsel of record, to appear for a scheduled sentencing hearing. The primary issue on appeal is whether the evidence presented at the show cause hearing was sufficient to support the finding of contempt. We conclude that it was not. Therefore, we vacate the order of the trial court.

In the absence of a valid excuse, an attorney may be found to be in contempt of court when he is absent from or late in appearing in a courtroom where he has a duty to appear before a judge or other officer of the court "at a specified time for the purpose of participating in a trial, hearing, or other proceeding[.]" 17 Am.Jur.2d *Contempt* § 90 (1990). Such absences or instances of tardiness are usually treated as *criminal* contempts with criminal *intent* being an essential element of the offense.

Criminal contempt can be either "direct" or "indirect." *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1996). "A direct contempt is committed in the presence of the court" and constitutes "an affront to the dignity of the court." *Id.* at 808. Because all of "the elements of the offense are matters within the personal knowledge of the court," the offense may be punished summarily by the court. *Id.* "Indirect criminal contempt is committed outside the presence of the court and requires a hearing and the presentation of evidence" in order "to establish a violation of the court's order. It may be punished only in proceedings that comport with due process." *Id.*

Miller argues that the nature of his allegedly contumacious behavior requires that it be classified for procedural purposes as an "indirect" criminal contempt. As a result, he maintains, he was entitled to certain procedural safeguards—including notice and an opportunity to explain his absence. He argues that sufficient evidence had to be presented to establish the requisite intent for a finding of criminal contempt.

Reported cases from other jurisdictions are in conflict on this issue. Courts of some jurisdictions hold that tardiness or absence from court appearances constitutes "direct" contempt; other courts view such offenses as "indirect" contempt; and

a few courts describe such offenses as "a hybrid form of contempt." Annotation, *Attorney's Failure to Attend Court, or Tardiness, as Contempt,* 13 A.L.R.4th 122, §§ 9–11 (1982).

■■ Among those jurisdictions classifying the offense as an "indirect" contempt, the rationale seems to be that although the absence or late arrival of an attorney can be perceived directly by the court, the conclusion that the absence was inexcusable or that it was committed with the requisite *mens rea* necessarily requires reference to facts not immediately or exclusively within the court's perception. We are more persuaded by this reasoning. Moreover, because the power to punish directly implies the deprivation of significant procedural safeguards, we believe that the breadth of the court's summary contempt power should be narrowly construed and carefully circumscribed.

■ In this case, "out of an abundance of caution" the trial court granted Miller a show cause hearing. We believe that such a hearing was indeed required because the court could not arbitrarily assume the existence of the culpable *mens rea* necessary to constitute contempt. The court could not have known why the attorney was absent from the proceedings until *after* he had had an opportunity to explain his conduct.

During the show cause hearing, Miller indicated that he had been absent from the proceedings because he had inadvertently recorded the wrong date for the scheduled sentencing hearing. This was the only evidence presented. Miller maintains that this evidence was insufficient to support a finding of criminal contempt.

■ When contempt is criminal in nature, it is necessary for all elements of the contempt to be proven beyond a reasonable doubt. *Brannon v. Commonwealth,* 162 Ky. 350, 172 S.W. 703 (1915). Evidence necessary for a finding of contempt must show willful disobedience toward, or open disrespect for, the rule or orders of a court. *Burge, supra.* Miller argues that his failure to record a sentencing date correctly does not amount to willful disobedience or an open disrespect for an order of the trial court nor does it amount to a reckless disregard for his professional duty. Instead, he argues that the evidence presented established that his failure to appear for the proceedings was precipitated by a clerical error rather than by an intent to commit a contemptuous act. We agree.

■ Moreover, we are not persuaded that the trial court's suspension of the $100.00 fine somehow transformed the criminal proceeding into a civil one. Under the court's order, the sanction remains subject to reinstatement immediately upon Miller's next absence from any proceeding. Thus, the penalty or sanction for Miller's past transgression—rooted in criminal contempt—is an ever present sword suspended over his head capable of being re-activated virtually on a daily basis. There has been no "switch" from criminal to civil reprisal since the criminal penalty remains a "brooding omnipresence."

The judgment of the Jefferson Circuit Court is vacated and this matter is remanded for entry of an order consistent with this opinion.

ALL CONCUR.