Stephen POINDEXTER, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2011–SC–000275–DG.

Supreme Court of Kentucky.

Dec. 20, 2012.

Russell James Baldani, Baldani, Rowland & Richardson, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, James Coleman Shackelford, Assistant Attorney General, Office of Criminal Appeals, Frankfort, KY, for appellee.

Opinion of the Court by Justice SCOTT.

The Adair Circuit Court found Appellant, Stephen H. Poindexter, a licensed attorney, in criminal contempt of court for failing to appear at a client's arraignment. The Court of Appeals subsequently affirmed and we accepted discretionary review. Appellant argues to this Court that (1) he was under no duty to appear at the arraignment because he had withdrawn from representing the client, and (2) even if he had a duty to appear there were insufficient grounds upon which to find him in criminal contempt. For the following reasons, we affirm.

## I. BACKGROUND

An Adair County grand jury returned a multiple-count indictment against Waylon Bradshaw on November 24, 2009. Bradshaw hired Appellant to represent him sometime before his December 15, 2009 arraignment. However, at the December 15 court date another attorney, Michael Harris, appeared with Bradshaw in Appellant's stead. Harris informed the court that he was appearing on behalf of Appellant, but the trial court told Harris that if he represented Bradshaw at the arraignment, Harris would be entered as the attorney of record pursuant to local court rules. Harris indicated that he did not wish to-be the attorney of record and the trial court passed Bradshaw's arraignment until January 12, 2010.

Appellant, though, had a scheduling conflict on January 12; he had received a fellowship from the University of Kentucky to attend a professional conference on that date. Initially, Appellant believed the arraignment was scheduled for January 12 at 9:00 a.m. and therefore he would be able to attend it before the conference. The arraignment, however, was actually scheduled for 1:00 p.m. pursuant to the local rules of practice for the 29th Judicial Circuit.[1] The December 15 docket entry also contained the notation: "Cont. to 1/12/2010[.] To appear with counsel."

On December 22, 2009, Appellant prepared and signed a Notice of Entry of Appearance as Bradshaw's attorney which was filed in the Clerk's office on December 28, 2009. Thereafter, Appellant contacted the Commonwealth's Attorney who agreed to again continue the arraignment in light

---

1. Rule (1) under "CRIMINAL PROCEEDINGS" in the 29th Judicial Circuit Local Rules is titled: "APPEARANCES AND ARRAIGNMENTS." The rule provides, in relevant part: "Arraignment will be held on the first Rule Day following a Grand Jury session at 1:00 p.m. in each county...." Michie's Ky. Rules Ann. vol. 3, at 1120 (LexisNexis 2012).

of Appellant's scheduling conflict. Appellant prepared an Agreed Order to that effect and tendered it to the trial judge. The judge, however, declined to approve it and added the following notation: "This case has been continued on one previous occasion. The Defendant and counsel shall be present on January 12, 2010 at 1:00 p.m." The judge signed his name under this notation and it was entered into the record on January 4, 2010.

On January 11, 2010—the day before Bradshaw's rescheduled arraignment—Appellant filed a Notice of Non–Representation stating he would no longer be representing Bradshaw and that Bradshaw would be seeking representation by Theodore Lavit. Appellant also filed a Revocation of Bond Assignment Proceeds the same day.

When the trial court called the case on January 12, 2010, Bradshaw appeared without counsel. Bradshaw informed the court that Appellant had contacted him the previous Friday, January 8, 2010, and advised him to find another attorney. The trial court nevertheless noted Appellant's appearance as attorney of record because it had declined to sign the Agreed Order of continuance and had ordered counsel to be present. The trial court then continued Bradshaw's arraignment until January 19, 2010, and ordered a criminal summons for Appellant to appear the following week to show cause why he should not be held in contempt.

At the contempt hearing, the trial court noted that Appellant had signed the Entry of Appearance on December 22, 2009, filed it on December 28, and then asked if it was Appellant's position that he was un-

aware of the conference when doing so; Appellant conceded that it was not. The trial court then noted the local rules of court about attorney appearances.[2] The court further noted that Appellant's Entry of Appearance did not request Bradshaw's arraignment to be passed to a later date. Finally, the trial court noted that Appellant had practiced in the court for several years and knew the rules; and although Appellant contended that he believed he was complying with the rules when Lavit said he would appear on Bradshaw's behalf, the court stated that Lavit still had not appeared but only had *said* he was going to represent Bradshaw.

Ultimately, the trial court found that Appellant intentionally failed to appear on January 12, 2010 and held him in criminal contempt of court. It ordered him to pay a $250 fine and spend 96 hours in jail, but probated the jail time for two years on the condition that he not violate any other orders of the court.

The Court of Appeals subsequently affirmed, holding that Appellant did not request permission from the trial court to withdraw as counsel, and that the evidence was sufficient to support the court's finding that Appellant's failure to appear for the arraignment was deliberate and willful, constituting criminal contempt. We accepted discretionary review and now affirm.

Additional facts will be provided where helpful to our analysis.

## II. ANALYSIS

Appellant presents this Court with two arguments. First, he. contends that he

---

**2.** Rule (3) under "CRIMINAL PROCEEDINGS" in the 29th Judicial Circuit Local Rules is titled "REPRESENTATION IN CRIMINAL CASES." That rule provides: "Once an attorney appears for a defendant in a criminal case, he/she shall not be allowed to withdraw as counsel thereafter, except upon a showing of extraordinary circumstances." Michie's Ky. Rules Ann. vol. 3, at 1120 (Lexis-Nexis 2012).

had withdrawn as Bradshaw's counsel and therefore had no duty to appear at the arraignment. Second, he contends that even if he did have a duty to appear, there were insufficient grounds upon which to find him in criminal contempt.

### A. Duty to Appear

Appellant's first argument—that he was under no duty to appear at the arraignment—is two-fold. First, he contends that he had not "appeared" as Bradshaw's counsel as that term is contemplated by the local court rule, and he therefore did not need to show "extraordinary circumstances" to withdraw. Second, he alleges that his Notice of Non–Representation and Revocation of Assignment of Bond Proceeds provided the court with sufficient notice to relieve him of any duty to appear at the arraignment.

■ When an attorney has a duty to appear in court and does not, his failure to appear may be treated as criminal contempt. *Brockman v. Commonwealth,* 185 S.W.3d 205, 208 (Ky.App.2005); *Commonwealth v. Pace,* 15 S.W.3d 393, 395 (Ky. App.2000). To determine whether a duty to appear existed we look to the Adair Circuit Court's local rules.

■ The Rules of Court Practice and Procedure for the 29th Judicial Circuit—which includes Adair County—provide, in relevant part:

CRIMINAL PROCEEDINGS

3. REPRESENTATION IN CRIMINAL CASES

> Once an attorney appears for a defendant in a criminal case, he/she shall not be allowed to withdraw as counsel thereafter, except upon a showing of extraordinary circumstances.

Michie's Ky. Rules Ann. vol. 3, at 1120 (LexisNexis 2012). Thus, the question becomes whether Appellant had *appeared* for Bradshaw in his criminal case as contemplated by the rule. Appellant argues that because he had not yet appeared *in court* on Bradshaw's behalf, the requirement to show "extraordinary circumstances" to withdraw was not triggered, and therefore the steps he took to inform the court of his withdrawal were sufficient. We disagree.

By filing a Notice of Entry of Appearance an attorney becomes the attorney of record in that case and, for all intents and purposes, has "appeared" for his client. As such, when that attorney wants to withdraw as counsel he is required to comport with the local rules for withdrawal.[3] Ken-

---

3. While this conclusion requires little elaboration, we note that there is no authority for the proposition that an attorney must *physically* appear before a court to trigger attorney-of-record-status and the obligations that accompany it. Although the Rules of the 29th Judicial Circuit are arguably ambiguous, other local circuit court rules support the conclusion that by filing an Entry of Appearance an attorney has *appeared* for all intents and purposes.

For example, Rule 4 of the 17th Judicial Circuit/District provides, in relevant part:

**B. Appearance of Counsel.**
1. Unless otherwise permitted by this Court, an attorney shall be deemed to be an attorney of record in all actions by:

(a) Making an in-court appearance on behalf of a party;
(b) Filing an Entry of Appearance;
(c) Signing a pleading as attorney for a party; or
(d) Having his/her name listed other than "of counsel" on a pleading as an attorney in the action.
**C. Withdrawal of Attorney of Record.** An attorney of record shall move for permission to withdraw as counsel for a party only:
1. Upon his/her written request with the written consent of his/her client and the entry of appearance of a substitute attorney of record, or,
2. Upon his/her written request with notice to the client and a showing of good

tucky Supreme Court Rule 3.130–1.16(c) provides: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Because it is undisputed that Appellant did not request: permission from the court to withdraw as counsel, nor provide the court with a showing of "extraordinary circumstances," we conclude that Appellant had a duty to appear with Bradshaw at his arraignment.

■ Notwithstanding his failure to comply with local court rules regarding withdrawal, Appellant had an independent duty to appear based upon the trial court's refusal to approve the Agreed Order of continuance, and its notation on that order that "[t]he Defendant and Counsel shall be present on January 12, 2010 at 1:00 p.m." This notation *itself* was an order from the trial court for Appellant to appear at Bradshaw's arraignment, whether or not Appellant believed the trial court had the authority to order his appearance. As such, it is irrelevant whether Appellant believed his Notice of Non–Representation and

Revocation of Assignment of Bond Proceeds was sufficient to effectuate his withdrawal from the case. This Court has previously held that the issue is disobedience of an order, not whether the rationale for the underlying order was correct. *See Leibson v. Taylor,* 721 S.W.2d 690, 691 (Ky.1986) (*overruled on other grounds by Shaffer v. Morgan,* 815 S.W.2d 402 (Ky. 1991)).

For example, in *Leibson,* a trial court judge "ordered both the prosecutor and the defense to submit to him the names and addresses of all prospective witnesses so that he could participate in the jury selection process." 721 S.W.2d at 691. Counsel for one of the defendants respectfully refused to comply and the trial court found him in contempt. *Id.* His penalty was suspended pending appeal by writ of prohibition. *Id.* The Court of Appeals reversed the attorney's conviction of contempt on the grounds that the judge "exceeded his authority in ordering the production of the defendants' witness list." However, we reversed the Court of Appeals, noting that "[t]he issue before us in these cases is not whether [the trial judge] had the right to order [the] attorney . . . to identify his witnesses, but rather whether

cause with the consent of the Court and upon such terms as the Court shall impose.
Michie's Ky. Rules Ann. vol. 3, at 681 (Lexis-Nexis 2012).
    Thus, in the 17th Judicial Circuit an attorney who has filed an entry of appearance is deemed the attorney of record and must move for permission to withdraw as counsel.
    Similarly, Rule 3 of the 3rd Judicial District provides, is relevant part: "Leave of Court shall be obtained to withdraw as counsel after an entry of appearance has been made. Such leave can only be obtained by a motion served on the client and other parties and properly noticed for hearing." *See also* Rule 14 of the 5th Judicial Circuit; Rule 5(b) of the 6th Judicial Circuit; Rule 3.3 of the 7th Judicial Circuit.

    In short, we have found no rule from any judicial circuit or district in Kentucky that stands for the proposition that an attorney must appear *in court* before he or she is considered the attorney of record. To the contrary, every local rule that addresses the issue confers attorney-of-record-status on an attorney who files a Notice of Entry of Appearance and requires that attorney to ask the court's permission to withdraw as counsel. We believe that this common sense rule should govern in the absence of a local court rule providing otherwise. Accordingly, the 29th Circuit rule's reference to an attorney who "appears for a defendant in a criminal case" includes an attorney who has filed an Entry of Appearance but has not yet physically *appeared* before the court.

[the attorney] complied with a direct order of the Court. [He] did not so comply, and it therefore follows that he was in contempt of court." *Id.* at 692.

Furthermore, in *United States v. United Mine Workers of America,* the United States Supreme Court opined: "[W]e find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. This is true without regard even for the constitutionality of the Act under which the order is issued." 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884 (1947) (footnote omitted). Thus, in this case, even if Appellant had effectively withdrawn as Bradshaw's counsel he was still under a duty to appear by order of the court.[4]

Based upon the foregoing, we hold that Appellant had a duty to appear at Bradshaw's arraignment. First, by filing an Entry of Appearance Appellant had "appeared" for his client, and was therefore required to follow the local court rule regarding withdrawal. Because he did not, he was not relieved of his duty to appear. Second, the trial court's notation on the unapproved Agreed Order of continuance stated in no uncertain terms: "The Defendant and Counsel shall be present on January 12, 2010 at 1:00 p.m." This alone imposed upon Appellant a duty to appear at the date and time stated in the notation. We therefore must address Appellant's second argument.

**B. Criminal Contempt**

■ Because we have determined that Appellant had a duty to appear at the January 12, 2010 arraignment, we must determine whether the finding of criminal contempt was based upon sufficient grounds. "We review the trial court's exercise of its contempt powers for abuse of discretion, *Lewis [v. Lewis],* 875 S.W.2d [862,] 864 [ (Ky.1993) ], but we apply the clear error standard to the underlying findings of fact." *Kentucky Cabinet for Health and Family Servs. v. Ivy,* 353 S.W.3d 324, 332 (Ky.2011) (*citing Blakeman v. Schneider,* 864 S.W.2d 903 (Ky. 1993)). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999) (citations omitted).

■ "Contempt is the willful disobedience toward, or open disrespect for, the rules or orders of a court." *Commonwealth v. Burge,* 947 S.W.2d 805, 808 (Ky. 1996). We have previously stated that " 'willfully' means with intent or intention." *Caretenders, Inc. v. Commonwealth,* 821 S.W.2d 83, 87 (Ky.1991). *See also Black's Law Dictionary* (9th ed.2009) (defining "willful" as "[v]oluntary and intentional, but not necessarily malicious"). Additionally, we have noted that criminal contempt

includes those acts done in disrespect of the court or its processes or which obstruct the administration of justice or tend to bring the court into disrepute. It covers not only acts which directly and openly insult or resist the powers of the court or the persons of the judges, but to consequential, indirect, and constructive contempts which obstruct the

---

4. We note that although the steps Appellant took to withdraw from Bradshaw's case—i.e., filing a Notice of Non–Representation and Revocation of Assignment of Bond Proceeds—appear to have been taken in good faith, his reason for withdrawal likely falls short of the "extraordinary circumstances" required by the local rule. That, however, is a determination that should initially be made at the trial court's discretion.

process, degrade the authority, and contaminate the purity of the court.

*Mitchell v. Commonwealth*, 206 Ky. 634, 268 S.W. 313, 313 (1925). *See also A.W. v. Commonwealth*, 163 S.W.3d 4, 10–11 (Ky. 2005).

■ Based upon the facts of this case, we cannot conclude that the trial court abused its discretion in finding Appellant in criminal contempt of court. As previously discussed, the trial court's notation on the unapproved Agreed Order of continuance created a duty for Appellant to appear at the January 12 arraignment—it was itself an *order* to appear. Appellant intentionally—i.e., *willfully*—disobeyed this order. There is no evidence in the record that he did so maliciously or disrespectfully; however, there need not be a showing of malice or disrespect in order for a trial court to hold an attorney in criminal contempt. All that needs to be shown is "willful disobedience toward … the rules or orders of a court." *Burge*, 947 S.W.2d at 808. We believe that Appellant's actions can fairly be described as one of the "consequential, indirect, and constructive contempts which obstruct the process, degrade the authority, and contaminate the purity of the court." *Mitchell*, 268 S.W. at 313.

Although we conclude that there were sufficient grounds upon which the trial court could find Appellant in contempt of court, we pause briefly to address Appellant's argument that *Commonwealth v. Pace*, 15 S.W.3d 393 (Ky.App.2000) supports the opposite conclusion. In *Pace*, the prosecuting attorney of record failed to appear for a scheduled sentencing hearing because he had inadvertently recorded the wrong date for the hearing. *Id.* at 396. The trial court found him in criminal contempt and fined him $100.00. *Id.* at 395. The Court of Appeals reversed, concluding that the attorney's failure to appear did not satisfy the "willful disobedience" or "open disrespect for an order of the court" standard. *Id.* at 396. The Court of Appeals noted that a clerical error precipitated the attorney's non-appearance, not an intentional decision to skip the hearing. *Id.*

*Pace* is easily distinguishable from the case before us. Whereas the attorney in that case *negligently* failed to appear, Appellant *willfully* failed to appear. Accordingly, we hold that the trial court did not abuse its discretion in finding Appellant in criminal contempt of court.

### III. CONCLUSION

In sum, we hold that (1) Appellant had a duty to appear at Waylon Bradshaw's arraignment on January 12, 2010; and (2) the trial court did not abuse its discretion in finding Appellant's failure to appear at the arraignment to be criminally contemptuous. We therefore affirm.

MINTON, C.J., ABRAMSON, CUNNINGHAM, and VENTERS, JJ., concur.

NOBLE, J., dissents by separate opinion.

SCHRODER, J., not sitting.

NOBLE, J., Dissenting:

While I find no fault with the majority's legal analysis, I do disagree with its application of that law to the facts of this case.

The facts of this case outline a common situation that all practicing attorneys are familiar with, where due to a scheduling conflict, illness, or any other reasonable purpose, retained counsel finds him or herself unable to attend a scheduled court hearing. This is especially true for solo practitioners and very small law firms. It has always been common practice that the responsible thing to do is to reschedule if

possible but, barring that option, to have a fellow member of the bar cover the court appearance in your stead.

Here, Attorney Poindexter did just that. He had been retained to represent a defendant in a criminal matter. Unable to make the scheduled arraignment, he obtained the services of a fellow attorney to stand in with the defendant at the arraignment hearing. Unless a defendant is entering a plea at arraignment or there is some other complication, this is usually a brief, perfunctory hearing: the attorney announces a plea of not guilty for his client, and the case may then be set for a future hearing or a trial date. This is usually all the legal representation required for that day. The case is covered, the trial court is not delayed, and the client has not been adversely affected in any way. Indeed, this honorable process is a necessary function in areas where there may be few attorneys.

But, in this case, the trial court insisted that if the stand-in attorney covered the arraignment, he would be listed as the attorney of record. Since he was not retained counsel, the attorney did not wish to be "of record," which would require a substitution of counsel hearing and order when Poindexter returned, and the trial court passed the arraignment for about a month. The date assigned, January 12, 2010, was solely at the court's convenience.

Poindexter had applied for and been granted a scholarship to attend a professional conference on that date. He initially believed that the arraignment was to be at 9:00 a.m., and could make the arraignment before having to leave for the conference, but it was actually scheduled for 1:00 p.m. in accordance with the local rules of that court. The docket entry for the arraignment did not state a time.

Poindexter proceeded to file a Notice of Entry of Appearance as the client's attorney, which he filed on December 28, 2009. He then contacted the Commonwealth's Attorney's office about rescheduling the arraignment due to his scheduling conflict, and *the Commonwealth's Attorney agreed to reschedule*. Poindexter prepared an Agreed Order to that effect, which he tendered to the trial court. The court rejected the order, and wrote on the rejected order: "This case has been continued on one previous occasion. The Defendant and counsel shall be present on January 12, 2010 at 1:00 p.m." This was entered into the record, and mailed to Poindexter.

At that point, given his scheduling conflict which he could not resolve, Poindexter decided to withdraw from representation of the defendant. He met with the defendant, told him he could not represent him, and advised the defendant to get new counsel. When the defendant came in to pick up his file from Poindexter's office, he told the office legal assistant that he had a new attorney, Theodore Lavit. Poindexter then filed a Notice of Non-representation, identified the attorney who would take over the case, and revoked his bond assignment by filing a revocation notice. This was filed in the record on January 11, 2012, the day before the arraignment.

Unfortunately, when the defendant appeared for arraignment, no attorney came with him. He claimed that Poindexter had called him the day before and told him he would have to find another attorney. Despite Poindexter's notice of withdrawal in the record, the trial court said that he was still the attorney of record because the court had declined to sign the Agreed Order allowing a continuance, and had ordered Poindexter to be present. He continued the arraignment again, and issued a summons for Poindexter to appear the next week to show cause why he should not be held in contempt.

At the hearing, Poindexter, who was represented by counsel, admitted that he was aware of the scheduling problem, and stated that he had done everything he could in good faith to cease his representation and to inform the court, and that he was not acting willfully disobedient or intentionally disrespectful. The trial court specifically found, however, that Poindexter did not tell the court of his conflict, had contacted the Commonwealth's Attorney to seek a continuance rather than the court, and then, with knowledge of the court's order for his appearance, did not appear. The court assessed a $250.00 fine and 96 hours in jail, suspended for two years provided there was no further disobedience of the court's future orders. Stunned, Poindexter began this appellate process that lands him here, at the state's highest court.

I simply do not believe that under these facts Poindexter showed *willful* disobedience toward the trial court nor any kind of *disrespect* toward the court rising to the level of *criminal contempt.* There was nothing confrontational, and even though the trial court was being somewhat rigid in demanding that Poindexter and *only* Poindexter could represent the defendant at the arraignment, there is in actuality no legal prohibition that will not allow another attorney to cover a perfunctory hearing for counsel of record. This is a common practice that makes appearing in multiple courts and otherwise attending to professional commitments possible. The trial court was, in my opinion, unduly restrictive on this initial problem. Had the court simply proceeded with the arraignment and set the next court date, none of this would have occurred.

While it is extremely important to uphold the authority of the courts, even when merely managing their dockets, this type of function cannot be given the same weight as a court's decision affecting substantive rights of a litigant. To use criminal contempt on what is basically a housekeeping matter should only occur when the court has been treated disrespectfully or the order of the court is threatened. To do otherwise trivializes a criminal contempt finding and simply makes a court appear arbitrary.

Also, respect is a two-way street. Like courts, attorneys have scheduling issues that are difficult, and require sincere attention from the attorney and the court. I do not know whether Poindexter has a history of missing court appearances. But the record before us does not describe an attorney who took this situation cavalierly. In many jurisdictions, it is customary to approach the Commonwealth's Attorney to reschedule a hearing rather than the court. Many courts are satisfied with this process because it prevents an actual court hearing to determine if a continuance is appropriate, and the courts recognize that the parties are in the best position to know when a delay is reasonable and the best time to reschedule. Here, the Commonwealth's Attorney *agreed* with Poindexter's request for an additional continuance. Without inquiring from the parties as to why, the trial court arbitrarily denied the Agreed Order and commanded Poindexter's appearance.

All trial judges can appreciate the pressure to maintain an efficient docket, and the frustrations that occur when that task is met with set-backs. However, the situation here appears to have escalated too quickly to the point of no return for either Poindexter or the trial court. Poindexter had made a professional commitment that was funded by a scholarship and would waste those funds if he did not attend. The trial court committed to a contempt proceeding without sufficient information. But despite this escalation, carefully look-

ing at the requirements of *Commonwealth v. Pace,* 15 S.W.3d 393, 395 (Ky.App.2000), would enable the trial court to reach a more accurate determination than that Poindexter was in criminal contempt of court.

This is actually an important case about fair process between members of the bar and the courts. Both have a role to play in the practice and application of the law. The facts of this case simply do not support a finding that Poindexter was willfully disobedient and openly disrespectful of the court. It was an abuse of the trial court's discretion to so find, and I would reverse.